UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | CASE NO. |
| ) | |
| FAPD, LLC, ) | DOCUMENT NO. 1 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Auto-Owners Insurance Company, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

AND NOW, comes the Plaintiff, FAPD, LLC, by counsel, Andrew M. Gross and Gross & Patterson, LLC, and files the within Complaint as follows.

### PRELIMINARY STATEMENT

1. This is an action for breach of contract and bad faith for Defendant failing to pay a claim submitted by Plaintiff for property damage at Plaintiff's property located at 3520 Fifth Avenue, Pittsburgh, PA 15213.

### JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §1332, based upon an amount in controversy in excess of $75,000.00 and a dispute between citizens of different States.

3. Venue is proper in this District because the and the loss took place within this District and Defendant regularly conducts business within this District.

**PARTIES**

4. The Plaintiff, FAPD, LLC, is a Pennsylvania limited liability company with an address of 761 Osage Road, Pittsburgh, PA 15243.

5. Defendant, Auto-Owners Insurance Company, is a corporation with its principal office located at 6101 Anacapri Boulevard, Lansing, MI 48917.

**FACTUAL ALLEGATIONS**

6. Defendant insures Plaintiff under a TPP commercial policy (xxxxxxx7662) with an effective date of 07/26/2017 and ending on 07/26/2018.

7. On or about September 12, 2017, Plaintiff suffered a loss at its building located at 3520 Fifth Avenue, Pittsburgh, PA 15213.

8. The subject building is a medical office building.

9. The loss was caused by a broken water pipe in the 5th floor hall bathroom.

10. The bathroom is next to the elevator shafts and the water leaked into the two elevator shafts causing Plaintiff to have to close the elevators and have its elevator service company, Hadfield Elevator Company, Inc. ("Hadfield") service both elevators to get them operational.

11. Within a few days, Hadfield was able to get the elevator furthest from the bathroom operational and it took about two weeks to get the elevator closest to the bathroom operational.

12. Plaintiff did not immediately contact Defendant because it has a large deductible on its policy and had no idea that the claim would be so large until it received an invoice from Hadfield dated October 17, 2017 in the amount of $52,225.37 (A copy of the Invoice is attached hereto as Exhibit "1").

13. Shortly after receiving the Invoice, Plaintiff then realized the extent of the damage and filed a Claim or Property Loss Notice on or about October 23, 2017 (A copy of the claim is attached

hereto as Exhibit "2").

14. Plaintiff received a second letter from Hadfield which Plaintiff mistakenly believed was the final invoice in the amount of $71,232.00 (A copy of the letter is attached as Exhibit "3").

15. Plaintiff submitted a Sworn Statement in Proof of Loss to Defendant which is dated November 6, 2017 which is attached hereto as Exhibit "4".

16. The amount claimed was $3,789.50 for cleaning and $69,888.00 for the elevator expenses for a total of $73,677.50.

17. Plaintiff made all of its records, workers and contractors available to Defendant after submitting its claim.

18. Notwithstanding that Defendant was able to inspect the premises where the loss occurred and the elevator shafts, and that Defendant was able to interview Plaintiff's employees and contractors, Defendant denied Plaintiff's claim as evidenced by the denial letter dated January 2, 2017, which is enclosed hereto as Exhibit "5".

19. After receiving the denial letter, Plaintiff received a letter from Hadfield dated February 21, 2018, which is attached as Exhibit "6", informing Plaintiff that it would no longer cover any components under the current full maintenance agreement which were affected by the water loss unless Plaintiff made all the required repairs that Hadfield outlined in its letter dated October 30, 2017.

20. After Plaintiff received the February 21, 2018 Hadfield letter, Plaintiff realized that the October 30, 2017 letter was an estimate for additional work that Hadfield needed to complete as a result of the water damage to the elevators and that the $71,232.00 estimate was in addition to the $52,225.37 invoice that Plaintiff already received from Hadfield for a total of $123,457.57.

21. Plaintiff's received a courtesy credit from Checklist cleaners in the amount of $936.25 so

its adjusted total claim is $2,853.25 expended on cleanup plus $123,457.57 for elevator repairs, or $126,310.62.

22. Plaintiff resubmitted its claim on March 10, 2018, a copy of which is attached as Exhibit "7", which included the revised numbers and also notified Defendant that the majority of the parts that were replaced on the elevators were retrieved and were available for inspection by Defendant.

23. Defendant chose not to examine the retrieved parts and denied Plaintiff's claim for a second time as evidenced by the denial letter dated March 21, 2018, which is attached hereto as Exhibit "8".

## COUNT I

## BREACH OF CONTRACT

24. Paragraphs 1 through 23 of Plaintiff's Complaint are incorporated by reference as though set forth at length herein.

25. Plaintiff has paid all of its premiums to Defendant and its policy was in full force and effect on the date of the loss.

26. Plaintiff notified Defendant as soon as it realized that the claim would be well in excess of its deductible.

27. Plaintiff fulfilled all of its contractual obligations under the policy's contractual terms.

28. Plaintiff fully cooperated in Defendant's investigation of the claim.

29. Defendant has failed to honor its obligations under the contract.

30. Defendant did not conduct a good faith investigation of Plaintiff's claim.

31. Plaintiff's claim is not excluded under the contract.

32. Plaintiff has supplied sufficient evident to Defendant that a loss occurred and that Plaintiff incurred necessary expenses as a result of the loss.

33. Plaintiff is also now at risk of being out of compliance with governmental regulations regarding the condition of its elevators as a result of Defendant's unwarranted denial of its claim which could result in additional damages to Plaintiff.

## COUNT II

## BAD FAITH – 42 Pa. C.S.A. § 8371

34. Paragraphs 1 through 33 of Plaintiff's Complaint are incorporated by reference as though set forth at length herein.

35. The primary reason that Defendant denied Plaintiff's claim is that Plaintiff waited 41 days to submit the claim.

36. Plaintiff fully cooperated in Defendant's investigation of the claim.

37. Defendant has spoken with Plaintiff's employees and with Hadfield Elevator Company, Inc. workers.

38. Hadfield has located most of the elevator parts that they replaced and Plaintiff has made those available to Defendant to inspect, which Defendant has declined to do.

39. Defendant is fully aware that the law in Pennsylvania is that Defendant has to prove not only that the notice provision was breached but also that is suffered prejudice as a consequence. See *Brakeman v. Potomac Ins. Co.,* 472 Pa. 66 (1977).

40. Defendant has made boilerplate statements that its investigation was prejudiced because the repairs were completed prior to receiving notice of the claim but Plaintiff has fully cooperated with Defendant and made available a majority of the parts that were replaced, which Defendant has chosen not to inspect, so in fact Defendant has not suffered any prejudice.

41. Defendant was able to ascertain that a loss occurred to Covered Property and that

replacements were made which were reasonable and necessary so Defendant acted in bad faith when it denied Plaintiff's claim based on a delay in reporting the claim.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that judgment be entered against the Defendant by this Honorable Court for the following:

a) Actual damages in the amount of $126,310.62;

b) Consequential damages due to Defendant's unwarranted denial of claim.

c) Interest at the rate of 3% plus the prime rate;

d) Punitive damages;

c) Attorneys' fees and costs.

Respectfully submitted,

/s/Andrew M. Gross
Andrew M. Gross
Gross & Patterson, LLC
707 Grant Street
Suite 2340
Pittsburgh, PA 15219
(412) 553-0140
59912 - PA ID No.